## 17467.  SHIRLEY *v.* PORTER.

The charge of the court was not subject to exceptions to the effect that because of its length and repetitions it was "calculated to confuse rather than enlighten the jury;" that the first instructions in the charge were likely to be the most prominent in the minds of the jury, and did predominate; or that in instructing as to how the jury could estimate the plaintiff's decreased earning ˙capacity, the amounts used as examples for calculations were so small as to incline the jury to believe that the judge "did not think that his earning capacity amounted to much;" and for no other reason assigned was it error to refuse a new trial.

DECIDED OCTOBER 5, 1926.  REHEARING DENIED NOVEMBER 9, 1926.

Action for damages; from Forsyth superior court—Judge Highsmith presiding.  April 24, 1926.

*G. B. Walker, H. B. Moss,* for plaintiff.

LUKE, J.  Shirley sued Porter, alleging that Porter, in the negligent driving of an automobile, had injured and damaged him. The jury, upon conflicting evidence, as they were authorized to do, returned a verdict in favor of the defendant.  This verdict has the approval of the trial judge.  Shirley's motion for a new trial was overruled.

(*a*)  The first special ground of the motion for a new trial attacked the charge of the court upon the ground that it "was so long and so many repetitions that it was calculated to confuse rather than enlighten the jury; there are nine and one half pages of the charge, while all the evidence, questions and answers, only make twenty-one pages."  (*b*)  The second special ground is "that the first instructions given a jury by the court are likely to be the most prominent in their minds, and [movant] insists that the first instructions or theory imparted by the judge did predominate."  (*c*)  The third special ground is that the court charged the jury as follows:  "So that you should take this case under the evidence as submitted, under the principle of law as given you in charge, and determine whether or not he is or is not entitled to recover as a matter of law under the evidence and facts as you find them to be."  (*d*)  The fourth special ground complains that the court, "in instructing the jury as to how they could estimate his decreased earning capacity, used small num-

New Trial, 29 Cyc. p. 790, n. 8 New.
Trial, 38 Cyc. p. 1653, n. 11 New; p. 1759, n. 34.

bers, $100.00, $50.00, and as low as $25.00." The movant insists "that these small numbers were calculated to influence the mind of the jury that movant's earning capacity was very small at best; that the size of the amounts used as example for the jury to make their calculations by did incline the jury to believe that the presiding judge did not think that his earning capacity amounted to much." (e) In the fifth and last special assignment of error the movant insists "that the whole charge was unsuited to the facts in the case and that for that reason a new trial should be granted."

The plaintiff had a legal trial of his cause and for none of the reasons pointed out did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*